## CIRCUIT COURT OF THE CITY OF RICHMOND

Anthony A. Briglia

v.

Joe Tom Flourney,
Bird Virginia Corp.,
Mack Trucks, Inc.,
and The B. F. Goodrich Co.

### Case No. LE-704

November 19, 1982

By JUDGE WILLARD I. WALKER

This matter is before the court on the defendants' demurrer to the plaintiff's motion for judgment and upon the defendants' motion for summary judgment based on stipulations of the parties. The stipulations of the parties are made a part of this opinion and are for the sole purpose of the court's ruling on the demurrer and motion for summary judgment. Having included with this opinion the stipulation which constitutes the entire relevant facts of the case, I will not restate the facts.

I have examined the facts and law of this case and find summary judgment for the defendants to be appropriate.

The Supreme Court of Virginia has consistently held that there must be physical impact and injury in order for a plaintiff to recover for emotional distress. The court has carved out three specific exceptions to this rule; however, this case does not fall within any of the three.

Hughes v. Womack, 214 Va. 27 (1973), allowed a claim for emotional distress "if, but only if, there is shown a clear and unbroken claim of causal connection between the negligent act and the physical injury." 214 Va. 27, 38. The plaintiff in the present case has stipulated that there was no injury.

Womack v. Eldridge, 215 Va. 338 (1974), allows recovery without impact only if four factors were met. First, the tort has to be reckless or intentional. Second, the tortfeasor's conduct must be outrageous and intolerable. Third, the wrongful conduct and the emotional distress have to be causally connected. Fourth, the emotional distress has to be severe. The

plaintiff's case clearly does not meet the standard imposed by the first two points.

The recent case of Naccash v. Burger, 223 Va. 406 (1982), demands closer attention. The court in Naccash created its third exception; the court allowed the parents of a child born with Tay-Sacks disease to recover against a physician. The physician's laboratory technician had negligently mixed up blood samples taken from the child's father and another individual. As a result, the father was wrongly informed that he was not a Tay-Sacks carrier. Had the parents known that the test was positive, they would have tested the fetus for Tay-Sacks. The mother would have had a chance to obtain an abortion.

In Naccash the court stresses that there was a specific duty owed by the physician, Naccash, to the Burgers. "[T]hey were owed the duty of reasonable care in the handling of the blood withdrawn for the tests; this duty encompassed the obligation to provide them with reasonably accurate information concerning the condition of their unborn child . . . ." 223 Va. 406, at 414. The court went on to note that "[o]nly a novel twist in the medical setting differentiates the present situation from the ordinary malpractice action." 223 Va. 406, at 413. It is evident that the court was considering only a limited exception based on a very particular set of facts. The court stresses that the parents emotional distress was a direct result of the physician's negligence.

In the case at bar, while the defendant, Flourney had a clear duty to Mr. Briglia's parents, any duty owed to Mr. Briglia himself is far less clear.

The court commented in Naccash that the rationale limiting recovery in Hughes and Womack was based on a need to "discourage spurious claims asserted by chance witnesses." 223 Va. at 416. This undoubtedly is a highly significant factor. However, nowhere in the Naccash opinion did the court overrule a key provision of the Hughes case, which held that a plaintiff may not recover for "physical injury resulting

from fright or shock caused by witnessing injury to another, allegedly occasioned by the negligence of a defendant toward a third person, . . ." 214 Va. at 34-35. While the plaintiff in the present case has actually suffered, his injury falls directly within the exclusion noted above. Further, there is no language in any of the three opinions that indicates any susceptibility to a "zone of danger" standard for recovery.

The plaintiff's cause of action is simply not recognized in Virginia. This case fits into none of the three careful exceptions to the impact rule. Moreover, the language used by the court in the three cited decisions does not indicate that the plaintiff's claim is viable.